

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KINGSPORT

| | | |
|---|---|---|
| **JEFFREY BRIGHT,** | ) | **Docket No. 2015-02-0462** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HUF NORTH AMERICA,** | ) | **State File No. 62185-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INSURANCE CO.** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |
| | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on October 25, 2017, for a Compensation Hearing. The central legal issues are whether Mr. Bright suffered an injury arising primarily out of and in the course and scope of his employment, and if, so, to which benefits he is entitled. For the reasons set forth below, the Court holds Mr. Bright suffered an injury arising primarily out of and in the course and scope of his employment and that he is entitled to future medical and permanent partial disability benefits.

### History of Claim

Mr. Bright worked for HUF North America as a material handler. Before working for HUF, Mr. Bright seriously injured his back in an automobile accident in 1989. On December 3, 2014, he injured his back shoveling plastic material at HUF. He reported the injury, and HUF accepted the claim. HUF initially provided emergency medical treatment and general care before Mr. Bright chose Dr. Richard Duncan from a panel of physicians.

Dr. Duncan initially examined Mr. Bright on April 28, 2015. Dr. Duncan reviewed a CT scan and MRI and determined that Mr. Bright was not a surgical candidate. He placed Mr. Bright on light duty work. On June 2, Dr. Duncan determined Mr. Bright suffered an injury that arose primarily from his work. He further determined

1

that Mr. Bright reached maximum medical improvement and assigned an impairment rating of three percent to the body as a whole. Later, Dr. Duncan reviewed Mr. Bright's functional capacity examination results and determined Mr. Bright could work at a medium strength level.

Mr. Bright disputed Dr. Duncan's determination that he was not a surgical candidate because he believed a physician could do something to help his pain. He felt this way because the providers misdiagnosed his 1989 injury and he suffered pain until they made the correct diagnosis. Dr. Duncan noted Mr. Bright's concerns on June 28 and recommended a second opinion.

HUF disputed whether Dr. Duncan made a second-opinion recommendation, and the parties took his deposition for clarification. After the deposition, HUF provided Mr. Bright a panel of physicians from which he chose Dr. David Wiles.

Dr. Wiles examined Mr. Bright on May 15, 2017, and agreed Mr. Bright was not a surgical candidate. Dr. Wiles referred Mr. Bright to pain management, but in a letter dated July 31 he noted Mr. Bright's need for pain management did not arise primarily from Mr. Bright's December 3, 2014 injury.

Mr. Bright's average weekly wage was $532.01, which provided him a compensation rate of $354.67. Mr. Bright resigned his position with HUF on February 1, 2016, which fell after June 14, 2015, the time period Dr. Duncan's three-percent rating covered.[1]

The parties stipulated to all the relevant facts in this case; however, Mr. Bright requested the Court to provide him a physician who could determine the source of his pain. HUF conceded that Mr. Bright was entitled to permanent partial disability benefits, but argued it provided Mr. Bright reasonable and necessary medical treatment per the Worker's Compensation Law.

### Findings of Fact and Conclusions of Law

Mr. Bright must prove all the essential elements of his claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).

The Court finds by a preponderance of the evidence that Mr. Bright suffered a compensable back injury on December 3, 2014, based on Dr. Duncan's opinion. Further, he is entitled to continued medical treatment with Dr. Duncan under Tennessee Code Annotated section 50-6-204(a)(1) (2016). The Court accredits Mr. Bright's testimony

---

[1] This time period is called the "original award." Tenn. Code Ann. § 50-6-207(3)(A) (2016).

that he continues to suffer pain and his dissatisfaction with Dr. Duncan, but until Dr. Duncan refuses to treat Mr. Bright, he shall remain the authorized treating physician. *Baker v. Electrolux, et al.,* 2017 TN Wrk. Comp. App. Bd. LEXIS ____, slip op. 5 (Oct. 20, 2017).

As to permanent disability benefits, Dr. Duncan assigned a three-percent impairment, which equates to an original award of thirteen and a half weeks of permanent partial disability benefits or $4,788.05. (450 weeks x 3% x $354.67) Tenn. Code Ann. § 50-6-207(3)(A). Mr. Bright's original award of benefits ended on June 14, 2015, at which time he remained employed at HUF at the same or greater pay. Thus, Mr. Bright is not entitled to a resulting award of permanent partial disability benefits. Tenn. Code Ann. § 50-6-207(3)(B).

**IT IS, THEREFORE, ORDERED** as follows:

1. HUF shall continue to provide Mr. Bright with medical treatment made reasonably necessary by the December 3, 2014 injury under Tennessee Code Annotated section 50-6-204(a)(1). Dr. Richard Duncan is designated the authorized treating physician.

2. HUF shall pay Mr. Bright permanent partial disability benefits for a three-percent impairment rating to the body as a whole in the amount of $4,788.05. Mr. Bright is not entitled to a resulting award of permanent benefits.

3. Mr. Santore, Mr. Bright's attorney, is entitled to an attorney fee of twenty percent of Mr. Bright's total award, or $957.61, plus expenses, to be paid from Mr. Bright's total award.

4. Costs of $150.00 are assessed against HUF under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five days of this Order becoming final.

5. HUF shall prepare and file a statistical data form within ten business days of the date of this Order under Tennessee Code Annotated section 50-6-244.

6. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**This the 26th day of October, 2017.**

/s/ Brian K. Addington
**Brian K. Addington**
**Workers' Compensation Judge**

## APPENDIX

**Technical Record**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Initial Hearing
4. Initial Hearing Order
5. Agreed Order to Alter Initial Hearing Order
6. Order for Continuance of Trial Date
7. Amended Scheduling Hearing Order
8. Employee's Pre-Hearing Statement
9. Employer's Pre-Hearing Statement

**Exhibits**
1. Medical Records-Dr. David Wiles
2. Medical Records-Dr. David Duncan
3. Medical Records-Benchmark Physical Therapy-FCE
4. Agreed Stipulations
5. Physician Panel
6. Physician Panel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the     th day of October, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent To: |
|---|---|---|---|---|
| **Francis Santore, Esq. Employee's Attorney** | | | X | **franksantore@comcast.net** |
| **Jennifer Schmidt, Esq. Employer's Attorney** | | | X | **jcschmid@travelers.com** |

**Penny Shrum, Clerk of Court**
**WC.CourtClerk@tn.gov**

4